

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

LAUREN HOWLAND
Tel.: (212) 356-2016
Cell: (332) 323-7633
lhowland@law.nyc.gov

January 12, 2023

**VIA ECF**
Hon. Katherine Polk Failla
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007



Re:     *N.B. v. New York City Dep't of Educ.* 22-cv-10780 (KPF)(KHP)

Dear Judge Failla:

I am a Special Assistant Corporation Counsel in the office of Corporation Counsel, the Hon. Sylvia O. Hinds-Radix, supervising attorney for Defendant in the above-referenced action, wherein Plaintiff seeks solely attorneys' fees, costs and expenses for legal work on an administrative hearing under the Individuals with Disabilities Education Act, 20 U.S.C. §1400, *et seq.* ("IDEA"), as well as for this action.

I write to respectfully request that Defendant's time to respond to the complaint be extended 90 days from January 13 to April 13, 2023. Defendant apologizes for the lateness of this request and the inconvenience to the Court, having not adhered to Your Honor's 48-hour rule to request an extension on time. This is the first request for an extension. The requested extension, if granted, will give Defendant's counsel time to complete the City's internal review process, which typically takes a minimum of 90 days, and requires review of the administrative record together with relevant attorney billing records. Plaintiff does not consent to this request despite the Dayan Firm's typical agreement to 90-day extensions in <u>many</u> dozens of these IDEA fees-only cases over the last several calendar years. Plaintiff's refusal to consent to 90 days is based on alleged misrepresentations by Defendant's counsel regarding settlement timelines in unrelated IDEA fees-only federal actions (contained in the compilation below).

Plaintiff's refusal of this basic Golden Rule courtesy continues despite two Judges in this District who recently granted 90-day extensions in two IDEA fees-only cases despite the Dayan Firm's refusal to consent to 90 days. *See N.O. v. New York City Dep't of Educ.,* 22-cv-10315 (JLR)(ECF Nos. 12-13) and *B.N. v. New York City Dep't of Educ.,* 22-cv-10103(VSB) (ECF Nos. 9-10). *See also R.M. v. New York City Dep't of Educ.,* 22-cv-8643 (JPO)(ECF. Nos. 8-12) (granting a total of 55 day extension after an initial 60-day extension (for a total of 105 day)—without Dayan Firm consent). This refusal by Plaintiff is not only unnecessarily discourteous to opposing counsel, but also confounding because

that refusal will simply serve to burden the Court with another extension request 60 days from now. As the Dayan Firm is well aware, these fees-only cases are resolved with relative, sometimes remarkable speed (and almost always without the filing of an Answer or any conferences with the presiding Article III and Magistrate Judges), and with an apparent high degree of satisfaction to the plaintiffs: the Dayan Firm has not briefed a single fees motion in any IDEA fees-only case brought by the Dayan Firm.  Further, the Dayan Firm is well aware that these cases almost never can be resolved in less than three or four months (which is, as Your Honor is aware, very fast resolution of a federal action).

Specifically, over the course of 2022 alone (with many dozens of IDEA fees-only cases settled with the Dayan Firm over 2018-2021), Defendant has fully settled 22 IDEA fees-only actions with Plaintiffs represented by the Dayan firm—one presided over by Your Honor (in bold below)— at an average pace of four months between the filing of the federal complaint and settlement achieved:

**22-cv-728(KPF) Complaint filed 1/27/22; Settlement agreement reached 3/18/22**
22-cv-1734(PAE)  Complaint filed 3/2/22; Settlement agreement reached 5/4/22
22-cv-930(PAC) Complaint filed 2/3/22; Settlement agreement reached 5/19/22
22-cv-1006(MKV) Complaint filed 2/7/22; Settlement agreement reached 5/25/22
22-cv-997 (CM) Complaint filed 2/3/22; Settlement agreement reached 6/3/22
22-cv-1821(JPC) Complaint filed 3/3/22; Settlement agreement reached 7/7/22
22-cv-1359(JPC) Complaint filed 2/17/22; Settlement agreement reached 8/22/22
22-cv-959(VSB) Complaint filed 2/3/22; Settlement agreement reached 6/2/22
22-cv-2093(AJN) Complaint filed 3/15/22; Settlement agreement reached 8/30/22
22-cv-1873(JMF) Complaint filed 3/4/22; Settlement agreement reached 8/17/22
22-cv-4469(PAE) Complaint filed 5/31/22; Settlement agreement reached 10/24/22
22-cv-4824(AT) Complaint filed 6/9/22; Settlement agreement reached 11/4/22
22-cv-6454(VEC) Complaint filed 7/29/22; Settlement agreement reached 11/17/22
22-cv-5751(JPO) Complaint filed 7/6/22; Settlement agreement reached 11/22/22
22-cv-6449(LGS) Complaint filed 7/29/22; Settlement agreement reached 11/3/22
22-cv-6675(ER) Complaint filed 8/5/22; Settlement agreement reached 11/29/22
22-cv-7957(LJL) Complaint filed 9/16/22; Settlement agreement reached 12/1/22
22-cv-5955(PGG) Complaint filed 7/13/22; Settlement agreement reached 12/1/22
22-cv-4312(JPC) Complaint filed 5/25/22; Settlement agreement reached 12/8/22
22-cv-6193(ALC) Complaint filed 7/25/22; Settlement agreement reached 12/8/22
22-cv-7981(LGS) Complaint filed 9/19/22; Settlement agreement reached 12/13/22
22-cv-5848(JMF) Complaint filed 7/8/22; Settlement agreement reached 12/19/22

This on-average four-month time frame includes Defendant's internal settlement process— which involves various City agencies—and then settlement negotiation.  When cases take longer to resolve this is often due to (a) issues or questions raised by the billing invoices or the related administrative record that must be considered before a settlement offer can be made, and (b) delays by the Dayan Firm in accepting reasonable settlement offers.[1]

---

[1] Indeed, most recently, on December 19, 2022, the Dayan Firm conveyed acceptance of a settlement offer in *A.I.*, 22-cv-5848, at 7:53PM seemingly because the Dayan Firm decided it did not wish to attend a conference scheduled before Judge Lehrburger the following day at 2:30 p.m.  Had the Dayan Firm accepted Defendant's offer when made on Dec. 1, 2022, that case

As the above list of settled cases reflects, this office has settled all of the many dozens of similar IDEA fees-only cases brought by plaintiffs represented by the Dayan Firm in recent years without the need to burden the Court with any motion practice, conferences or even the need to file an Answer.  There is no reason why this case will not take that same course.

Defendant also respectfully requests that the conference currently scheduled in front of Your Honor on March 23, 2023 be adjourned *sine die*.  Plaintiff does not consent to this request. This is the first request for an adjournment of that conference.  Should settlement negotiations prove unsuccessful, this matter will not require discovery or an initial conference.

Thus, Defendants request that its time to respond to the Complaint be extended to April 13, 2023, with a status letter due on that same date apprising the Court that either the case has been resolved or, proposing a briefing schedule; and that the conference scheduled for March 23, 2023 be adjourned *sine die*.

Thank you for considering these requests.

Respectfully submitted,

/s/

Lauren Howland
Special Assistant Corporation Counsel

cc:     Adam Dayan, Esq. (via ECF)

Application GRANTED in part and DENIED in part.  Defendant's deadline to answer or otherwise respond to the Complaint is hereby extended to **April 13, 2023.**

The initial pretrial conference scheduled for March 23, 2023, is hereby adjourned to **April 28, 2023, at 3:00 p.m.,** and the parties are directed to comply with the requirements set out in the Court's Notice of Initial Pretrial Conference filed December 23, 2022.  (Dkt. #9).

Should the parties reach a settlement in principle at any time on or before April 28, 2023, they are to submit a joint status letter indicating as such.     SO ORDERED.

Dated:     January 12, 2023
           New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

would have settled 19 days sooner; and more importantly, would have courteously unburdened Judge Lehrburger's calendar in a timely manner.